UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NICK AND HELEN KIKALOS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:04 CV 514 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on a motion to dismiss the complaint for lack of jurisdiction (*Def.'s Mot. to Dis.*, docket #17; *Def.'s Memo.*, docket #18) filed by defendant United States of America ("defendant"), a response in opposition (*Pls.' Resp.*, docket #23) filed by plaintiffs Nick Kikalos and Helen Kikalos ("plaintiffs"), a reply brief (*Def.'s Reply*, docket #25) filed by defendant, and a motion for oral argument (*Pls.' Mot. for Arg.*, docket #24) filed by plaintiffs. For the following reasons the motion to dismiss is **GRANTED** and the motion for oral argument is **DENIED**.

I.  BACKGROUND

Plaintiffs brought this action pursuant to 28 U.S.C. § 1346(a)(1) for "the recovery of federal income tax, interest, and penalties erroneously assessed and collected." *Compl.* ¶ 1, (docket #1). According to the complaint, the facts of this case are as follows. On or about June 1, 1999, plaintiffs timely filed a 1998 joint federal income tax return (forms 1040 and 4868) with the Internal Revenue Service ("IRS") and paid $504,181 in income taxes. *Compl.* ¶ 6. On July 13, 2001 plaintiffs filed an amended federal income

tax return (form 1040X) for 1998, and reported an additional $35,952 in income taxes owing. *Compl.* ¶¶ 7-8. Plaintiffs paid $43,609 in total income taxes and interest on the 1998 amended return. *Compl.* ¶ 8. On May 3, 2002 the IRS issued plaintiffs a statutory notice of deficiency, assessing plaintiffs, pursuant to 26 U.S.C. § 6662, an additional $81,704 in income taxes and $16,340.80 in penalties for 1998. *Compl.* ¶¶ 9-10. Plaintiffs paid the assessed taxes and penalties in total of $98,044.80 to the IRS. *Compl.* ¶ 10. On September 18, 2002 plaintiffs filed a second amended income tax return (form 1040X) for 1998 ("second amended return"), requesting a refund of $141,654 in federal income taxes, penalties, and interest, on the grounds that their "income was incorrectly assessed." *Compl.* ¶ 12; *Pls.' Ex. B*. On December 18, 2002 the IRS sent plaintiffs a letter denying this request. *Compl.* ¶ 14. The present suit followed.

Plaintiffs' complaint alleges that the May 3, 2002 additional assessment of $81,704 in income taxes and $16,340.80 in penalties was "erroneous and illegal" and that defendant has refused to pay plaintiffs the $141,654 to which plaintiffs are entitled. *Compl.* ¶¶ 11, 15. Defendant has moved to dismiss this action for lack of subject matter jurisdiction, arguing that plaintiffs have not met the jurisdictional prerequisite of filing a proper administrative claim with the IRS prior to filing a claim in the district court.

## II.   LEGAL STANDARD

Subject matter jurisdiction concerns the very power of this court to adjudicate, or rather, to hear and determine the subject matter of this particular controversy. *See Carlisle v. United States*, 517 U.S. 416, 434-35 (1996) (Ginsberg, J. concurring) (defining

2

"subject matter jurisdiction" as the "authority [of a court] to adjudicate the type of controversy involved in the action") (internal quotation marks and citation omitted). It is well settled that the United States enjoys sovereign immunity from suit unless it consents to being sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Consent to be sued is a prerequisite for jurisdiction, *Mitchell*, 463 U.S. at 212, and that consent defines the terms of the court's jurisdiction. *Dilberti v. United States*, 817 F.2d 1259, 1261 (7th Cir. 1987) (citing *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)).

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) allows for dismissal of claims over which the federal court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). There are two types of jurisdictional challenges that a party may make under Rule 12(b)(1): a challenge as a matter of law and a challenge to the jurisdictional facts upon which the complaint is based. *Garcia v. Copejnhaver, Bell, & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997). For the purposes of a challenge as a matter of law, or legal challenge, the factual allegations of the complaint are assumed to be true, and the challenge is to the sufficiency of the complaint's jurisdictional allegations. *Id.*; *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In ruling on a legal challenge, the court need only consider whether the complaint sufficiently alleges a basis for subject matter jurisdiction, *Garcia*, 104 F.3d at 1261, *Oaxaca v. Roscoe*; 641 F.2d 386, 391 (5th Cir. Unit A 1981), and the court must liberally construe the factual allegations in plaintiff's favor, *Scheuer v. Rhodes*, 415

3

U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974); *Commodity Trend Serv. Inc. v. CFTC*, 149 F.3d 679 (7th Cir. 1998).

On the other hand, a factual challenge questions the facts that are alleged to support subject matter jurisdiction. *Garcia*, 104 F.3d at 1261; *Oaxaca*, 641 F.2d at 391. On such a challenge, plaintiff is not entitled to have any inferences drawn in his favor, *Commodity Trend Serv., Inc.*, 149 F.3d at 685, rather, the court may receive and weigh evidence to determine if jurisdiction exists, *Land v. Dollar*, 330 U.S. 731, 735 n.4, 91 L. Ed. 1209, 67 S. Ct. 1009 (1947); *Crawford v. United States*, 796 F.2d 924, 928-929 (7th Cir. 1986); *Roman v. U.S. Postal Serv.*, 821 F.2d 382, 385 (7th Cir. 1987) ("It is proper for the district court to look beyond the jurisdictional allegations in the complaint and to view whatever evidence has been submitted in determining whether subject matter jurisdiction exists under Rule 12(b)(1)."). "The existence of disputed material facts does not preclude [this court] from evaluating the merits of jurisdictional claims." *Western Transp. Co. v. Couzens Warehouse & Distributors, Inc.*, 695 F.2d 1033, 1038 (7th Cir. 1982) (quoting *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Finally, "where jurisdiction is challenged as a factual matter, the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979).

### III.   DISCUSSION

The United States has waived its sovereign immunity in order to allow taxpayers to file actions seeking tax refunds: "The district courts shall have original jurisdiction ...

4

over any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected...." 28 U.S.C. § 1346(a)(1). However, Congress has imposed certain terms on this waiver of sovereign immunity, and the United States has consented to be sued for the recovery of taxes under the conditions set forth in section 7422 of the *Internal Revenue Code*. *Martin v. United States*, 833 F.2d 655, 659 (7th Cir. 1987). Section 7422(a) of the *Internal Revenue Code* provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Thus, a taxpayer's filing of an administrative claim with the IRS is a jurisdictional prerequisite to the maintenance of a tax refund suit. *Martin*, 833 F.2d at 658.

The treasury regulations promulgated under 26 U.S.C. § 7422 set out the procedure for filing a formal claim for a refund.. *Id*. at 659. The purposes of the treasury regulations and the refund claim requirement are to: (1) "ensure that the IRS has been given adequate notice of the nature of the claim and the specific facts upon which it is predicated, permitting administrative review and determination," (2) "give the IRS an opportunity to correct any errors that may have been made," and (3) "limit the scope of refund litigation." *Hefti v. IRS*, 8 F.3d 1169, 1173 (7th Cir. 1993).

5

Treasury Regulation § 301.6402-2(b)(1) provides:

> The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

Treas. Reg. § 301.6402-2(b)(1). A credit or refund request which does not comply with Treas. Reg. § 301.6402-2(b)(1), is not, pursuant to that regulation itself, "considered for any purpose as a claim for refund or credit." *Id.* Where a claimant did not file a refund claim in compliance with Treas. Reg. § 301.6402-2(b)(1), he has not satisfied 26 U.S.C. § 7422, and therefore a suit for that refund must be dismissed for lack of jurisdiction. *See Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985) (citing *L.E. Myers Co. v. United States*, 230 Ct. Cl. 142, 673 F.2d 1366, 1367 (1982); *Martin*, 833 F.2d at 658-59; *Martinez v. United States*, 595 F.2d 1147, 1148 (9th Cir. 1979) (per curiam); *Bear Valley Mut. Water Co. v. Riddell*, 493 F.2d 948, 951 (8th Cir. 1974)).

However, even though the Commissioner of the IRS may not waive the Congressionally mandated 26 U.S.C. § 7422 claim requirement, the Commissioner may waive the treasury requirements. *Goulding v. United States*, 929 F.2d 329, 332 (7th Cir. 1991) (citing *Angelus Milling Co. v. Comm'r of Internal Revenue*, 325 U.S. 293 (1945)). As such, a claim which fails to satisfy Treas. Reg. 301.6402-2(b)(1) requirements may nonetheless satisfy the 26 U.S.C. § 7422 refund claim requirement where Treas. Reg. 301.6402-2(b)(1) specificity requirements have been waived. *Id.*

Defendant challenges this court's jurisdiction both legally and factually, arguing that plaintiffs neither alleged that they filed nor actually filed a proper and timely administrative claim for refund with the IRS before filing this suit for refund. *See Def.'s Memo.* at 3 ("this is both a facial and factual attack of the Court's subject matter jurisdiction because the United States challenges the sufficiency of Plaintiffs' Complaint itself, as the Plaintiffs' attached second 1998 1040X is, on its face, legally insufficient to invoke the subject matter jurisdiction of this Court. And, since a valid claim for refund is a jurisdictional predicate, the Complaint also establishes that there is no factual basis for jurisdiction."). Defendant argues that plaintiffs' asserted request for a refund does not comply with Treas. Reg. § 301.6402-2(b)(1) specificity requirements, and therefore cannot satisfy the jurisdictional 26 U.S.C. § 7422 refund claim requirement. Plaintiffs argue in response that they indeed filed a claim in compliance with the treasury regulations, and that in any event the IRS waived the treasury regulation requirements. As such, according to plaintiffs, their claim was sufficient to satisfy 26 U.S.C. § 7422 whether or not it complied with the treasury regulations.

The court has determined that plaintiffs's complaint cannot withstand a factual challenge to jurisdiction, and thus will not address the legal sufficiency of plaintiffs' complaint with respect to its jurisdictional allegations. As explained below, the court finds that the IRS did not waive the Treas. Reg. § 301.6402-2(b)(1) requirements, and that plaintiffs did not file a claim in compliance with Treas. Reg. § 301.6402-2(b)(1). The court concludes, therefore, that plaintiffs did not file an administrative claim in

7

satisfaction of 26 U.S.C. § 7422, and accordingly plaintiffs' complaint must be dismissed for want of jurisdiction.

### A. Plaintiffs' Claim Does Not Meet Regulation Requirements

The IRS demands that refund claims "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." Treas. Reg. § 301.6402-2(b)(1). Plaintiffs filed a second amended return on September 18, 2002 requesting a refund and stating in the "Explanation of Changes to Income, Deductions, and Credits" section that "INCOME WAS INCORRECTLY ASSESSED TO THE ABOVE NAMED TAXPAYER." *Pls.' Ex. B* (docket #23) (emphasis in original). The second amended return does not otherwise provide further detail or explanation. Defendant argues that the second amended return does not satisfy the Treas. Reg. § 301.6402-2(b)(1) specificity requirements. *Def.'s Memo.* at 4-8. The court agrees. It can hardly be said that the statement "income was incorrectly assessed" either "detail[s] each ground upon which a credit or refund is claimed" or provides "facts sufficient to apprise [the IRS] of the exact basis [of plaintiffs' refund claim]," as mandated by Treas. Reg. § 301.6402-2(b)(1). In fact, plaintiffs do not seriously argue that the second amended return does meet these requirements.

Plaintiffs argue, rather, that their refund claim was not limited to the second amended return. According to plaintiffs, their refund claim also included "over five thousand (5,000) pages of documents" that the IRS collected during an audit which "began during the summer of 1999 and concluded with the IRS issuing its Statutory

8

Notice of Deficiency on May 3, 2002." *Pls.' Resp.* at 9-10. This claim, plaintiffs argue, "satisf[ies] both Section 7422(a) and Treas. Reg. § 301.6402-2(a)(2) and (b)(1)." *Id*. at 10. The Supreme Court was faced with a similar argument in *Angelus Milling Co.,* 325 U.S. at 299. Petitioner in that case had filed a series of refund claims with the IRS, which the Court characterized as "confusing" and lacking in the information required by the treasury regulations. *Id*. at 296. Petitioner argued that its refund claims taken together with those filed by a closely connected company furnished all of the data required by the treasury regulations. *Id.* at 299. The Court stated that this argument "need not detain [the Court] long," explaining that "it is not enough that somewhere under the Commissioner's roof is the information which might enable him to pass on a claim for refund . . . .The protection of the revenue authorizes the Commissioner to demand information in a particular form, and he is entitled to insist that the form be observed so as to advise him expeditiously and accurately of the nature of the claim." *Id*. at 299. In any case, under the treasury regulations, the submission of numerous documents will not by itself relieve a claimant of his burden. Rather, a claim must be "sufficient to apprise the IRS that a refund is sought and to *focus attention on the merits* of the dispute so that an examination of the claim may be commenced if the IRS wishes." *Martin v. United States*, 833 F.2d 655, 660-61 (7th Cir. 1987). As the Fourth Circuit explained while addressing the purpose of Treas. Reg. § 301.6402-2(b)(1):

> The Commissioner should not be left to his own devices in order to discover the precise nature of a taxpayer's claim and thus be placed in a position of having to hazard a guess . . . The Commissioner does not possess the time or resources to

9

>  perform extensive investigations into the precise reasons and facts supporting every taxpayer's claim for a refund.

*Stoller v. United States*, 444 F.2d 1391, 1393 (4th Cir. 1971). Thus, plaintiffs should not have relied on the fact that the IRS possessed over 5,000 audit documents in its files, and further expect that the IRS would "ferrett out on its own the specific claims advanced by [plaintiffs]." *First Nat'l Bank of Fort Smith v. United States*, 610 F. Supp. 933, 937 (W.D. Ark. 1985). As with petitioner's argument in *Angelus Milling Co.*, plaintiffs' argument for compliance with the treasury regulations is dependant on information which may have been "somewhere under the Commissioner's roof," and this "is not enough" for plaintiffs were required to submit the information in the form demanded by the IRS. 325 U.S. at 299.

The treasury regulations are "calculated to avoid dilatory, careless, and wasteful fiscal administration" by barring "incomplete or confusing claims." *Angelus Milling Co.*, 325 U.S. at 297. Plaintiffs' refund request on the ground that "income was incorrectly assessed" does not set forth in detail or sufficient facts to apprise the IRS of the grounds or basis of the claim, and as such is not in compliance with the treasury regulations. Treas. Reg. § 301.6402-2(b)(1). There is no evidence that the plaintiffs otherwise submitted a refund claim in compliance with the treasury regulations, and thus the court finds that barring waiver of the treasury regulations, plaintiffs have not complied with the 26 U.S.C. § 7422 jurisdictional prerequisite of a properly filed administrative

10

refund claim.[1] *See Martin*, 833 F.2d at 658-59.

## B.  The Commissioner Did Not Waive Treas. Reg. 301.6402-2(b)(1) Compliance

Plaintiffs argue that even if their refund request did not comply with Treas. Reg. § 301.6402-2(b)(1), they still satisfied the 26 U.S.C. § 7422 refund claim requirement because compliance with the regulations was waived. *Pls.' Resp.* at 11-14. In making this argument, plaintiffs rely heavily on *Goulding v. United States*, 929 F.2d 329 (7th Cir. 1991), in which the court applied the recognized principle that "[t]he specificity requirements of Treasury Regulation § 301.6402-2(b)(1) may be waived by the Commissioner of the IRS, if the IRS has sufficient knowledge of the claim and makes a determination on the merits." *Id*. at 332 (citing *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62 (1933); *Angelus Milling Co.*, 325 U.S. 293; *Vishnevsky v. United States*, 581 F.2d 1249-1252 (7th Cir. 1978)). Plaintiffs contend that their case is much like *Goulding*, and therefore the court will briefly review *Goulding* in order to facilitate discussion of plaintiffs' arguments.

---

[1]Plaintiffs have made the additional argument that "a claim for refund need merely put the IRS on notice of the taxpayer's ground for claiming that his taxes were erroneously computed, and no more particularity is required." *Pls.' Resp.* at 8. While in *United States v. Kales*, the Supreme Court recognized that a notice that fairly advises the IRS of the nature of the taxpayer's claim but which could be rejected as "too general" or for failure to comply with the regulations, is treated as a proper claim "where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period." 313 U.S. 186, 194. However, the record does not indicate (nor do plaintiffs assert) that plaintiffs filed any amendments to their refund claim. Finally, in some instances informal requests that do not comply with federal regulations may suffice for 26 U.S.C. § 7422 purposes, but only to toll the limitations period. *C.I.R. v. Lundy*, 516 U.S. 235, 251 (1996).

11

The underlying dispute in *Goulding* involved the tax returns of several partnerships. Goulding filed a claim for a refund, but the claim did not specify its basis or the reasons Goulding believed he was entitled to the requested refund. The IRS denied Goulding's claim on November 19, 1987 "per audit determination." The district court held that this initial denial of Goulding's claim could not be interpreted as a decision on the merits and a waiver of the specificity requirements. The Seventh Circuit Court of Appeals disagreed, finding that "per audit determination" is ambiguous. The court then engaged in a review of the record, specifically noting: (1) by November 19, 1987, the IRS had already conducted an in-depth investigation of the partnerships whose tax returns were at issue; (2) in September 1987 the IRS litigated (in a seven day trial) some of the same issues in a suit brought by Goulding's son; and (3) the IRS was able to respond substantively to Goulding's claims throughout stages of the proceeding. In addition, the court pointed out that the IRS "did not raise the waiver issue when denying the administrative claims, nor in their answer to the complaint." *Id*. The court determined that the IRS "was well aware of the merits of Goulding's claims when it denied the administrative claim for a refund 'per audit determination,'" and, noting that the government agreed that it waived the defense of sufficiency of the claim, found that "[t]he record fully supports the conclusion that the IRS initially considered the claim on its merits." *Id*. at 333

Plaintiffs contend that "based on the wealth of information already in the IRS's possession and its knowledge of the 1998 Refund Claim, compliance with Treas. Reg. §

12

301.6402-2(b)(1) has been waived." *Pls. Resp.* at 12. While (as *Goulding* exemplifies) "it is not essential for the establishment of a waiver that the Commissioner communicate his ruling on the merits to the taxpayer," absent such explicitness, "the implication that formal requirements were dispensed with should not be tenuously argumentative." *Angelus Milling Co.*, 325 U.S. at 298. Indeed "the showing should be *unmistakable* that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim." *Id.* at 299 (emphasis added). Plaintiffs have not, however, made such an unmistakable showing.

Plaintiffs look to the IRS's disallowance letter for support, pointing out that it states: "[i]f you want to recover tax, penalties, or other amounts, you may file a lawsuit with the United States District Court having jurisdiction or with the United States Court of Federal Claims." Plaintiffs argue that this indicates waiver, because "[o]therwise, the IRS was informing [plaintiffs] of their right to file suit for which there was no jurisdiction." *Pls.' Resp.* at 14. However, the letter merely advises plaintiffs that they may file a claim with a court *having jurisdiction*, and does not advise them that the District Court *has jurisdiction*. Further, unlike the *Goulding* "per audit determination" letter, the disallowance letter contains an unambiguous rejection of plaintiffs' claim. Plaintiffs' refund claim was "disallowed" because "[n]o documentation was included to verify the amount on line 1 [of plaintiffs' second 1998 form 1040X]." *Pls.' Ex. C*. The IRS further advised that plaintiffs "must include an explanation and documentation for the decrease to income on line 1." *Id*. The court finds that this language and the IRS's

13

disallowance letter generally, do not indicate that plaintiffs' claims were denied on the merits, and the treasury regulations were waived. *See Anderson v. United States*, 447 F.2d 41 (7th Cir. 1971) (rejecting claimant's assertion of waiver, and characterizing as having "no merit" where it was based on disallowance letter's statement that "In accordance with the provision of existing internal revenue laws, this notice of disallowance in full of your claim or claims is hereby given," and where disallowance letter did not otherwise provide an unmistakable showing of waiver) (citing *Angelus*, 325 U.S. at 297-98); *Cf. Martinez*, 595 F.2d 1147, 1149 (finding waiver was proved with the disallowance letter where the letter clearly stated that claimant's file had been reviewed and claimant's file was rejected on its merits.).

     Plaintiffs make an additional frivolous argument. Citing *Goulding*, plaintiffs argue that "waiver of the requirements of the Treasury Regulations pertaining to a refund claim can occur if sufficiency of a refund claim is not timely questioned by the IRS." *Pls.' Resp.* at 13. Plaintiffs contend that "[i]f Defendant wished to challenge this Court's subject matter jurisdiction, it should not have admitted jurisdiction exists in its Answer and it should not have waited nine (9) months to file its Motion to Dismiss." *Id.* at 14. As a preliminary matter, defendants are not barred from raising the issue of jurisdiction at this stage, or at any other time in this action. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 576 (2004). More importantly, plaintiffs reliance on *Goulding* is misplaced, for in *Goulding* the IRS's failure to raise the issue of waiver earlier was cited by the court as further support for a finding of waiver, but not as causing a waiver to

14

result or as dispositive of the issue. *Goulding*, 929 F.2d at 333 ("The fact that the government waited for several years to raise [the waiver issue] points to waiver.").

Plaintiffs' contention that waiver occurred here is "tenuously argumentative" at best, as a finding of waiver would require the court to conclude based on the IRS's alleged possession of sufficient information upon which it *could have* passed on the merits of plaintiffs' claim, that the IRS *actually did* pass on the merits of plaintiffs' claim. The court will not make this inferential leap, as there simply is no evidence, much less an "unmistakable showing," that the IRS examined plaintiffs' claim on the merits. Accordingly, the court finds that the IRS did not waive the treasury regulation requirements, *Angelus Milling Co.*, 325 U.S. at 298, and as such plaintiffs were required to file a refund claim which complied with the treasury regulations.

### C. The Court Does Not Have Jurisdiction Over this Action

Before bringing this action for the recovery of taxes allegedly erroneously collected, plaintiffs were required to file a proper administrative refund claim with the IRS pursuant to 26 U.S.C. § 7422 and in accordance with the treasury regulations. *Martin*, 833 F.2d at 658. As the 26 U.S.C. § 7422 administrative claim requirement is a jurisdictional prerequisite, *id.*, and defendant factually challenged plaintiffs' compliance with this requirement, plaintiffs had the burden of presenting "competent proof" that they indeed filed such a claim, *Grafon Corp.*, 602 F.2d at 78; *Western Transp. Co.*, 695 F.2d at 1038. For the reasons explained above, the court finds that plaintiffs did not present competent proof that they filed a refund claim in compliance with the treasury

15

regulations and therefore a claim which satisfied 26 U.S.C. § 7422, and accordingly the court **GRANTS** defendant's motion to dismiss for lack of jurisdiction.

IV. **REQUEST FOR ARGUMENT**

On November 1, 2005 plaintiffs filed a "request for oral argument on its response in opposition to defendant's motion to dismiss." *Pls.' Mot. for Arg.* (docket #24). Plaintiffs make their request pursuant to N.D. Ind. L. R. 7.5(a) and assert that "oral argument will be of assistance to the Court in its consideration of the issues raised by Defendant's Motion to Dismiss." *Id.* Because "[t]he granting of a motion for oral argument shall be wholly discretionary with the court," N.D. Ind. L. R. 7.5(a), and the court finds that oral argument is neither necessary nor helpful to the determination of the issues raised in the motion to dismiss and in plaintiffs' response, plaintiffs' request for hearing (docket #24) is **DENIED**.

V. **CONCLUSION**

For the foregoing reasons it is hereby **ORDERED** that plaintiffs' request for oral argument (docket #24) is **DENIED**. It is **FURTHER ORDERED** that defendant's motion to dismiss (docket #17) is **GRANTED** and plaintiffs' complaint is **DISMISSED FOR WANT OF SUBJECT MATTER JURISDICTION**. The clerk is directed to enter **FINAL JUDGMENT** stating: "This action is dismissed for want of jurisdiction."

                                                    **SO ORDERED.**

**Enter**: March 23, 2006

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT